El Juez Asociado Señor Martínez Torres
emitió la opinión del Tribunal.
Nos corresponde determinar si la Junta de Apelaciones de la Corporación del Fondo del Seguro del Estado (JACFSE) ostenta jurisdicción para adjudicar la proceden-cia de los pasos por mérito que se otorgaron a unos emplea-dos mientras ocuparon puestos gerenciales.
Evaluada la controversia, resolvemos que, en virtud del Reglamento de la Junta de Apelaciones para Empleados Gerenciales de 31 de agosto de 1999 (Reglamento de la Junta), la JACFSE contaba con jurisdicción para entender en esta materia. Por consiguiente, revocamos la determi-nación del Tribunal de Apelaciones y devolvemos el caso a ese foro para que resuelva la controversia en los méritos.
I
Esta acción surge como secuela a la impugnación de la acción de la entonces Administradora de la CFSE, Leda. Zoimé Alvarez Rubio, de anular varios puestos convocados mediante convocatorias internas. La interrogante que pre-senta este recurso está atada a la controversia sobre la validez de los nombramientos mediante convocatorias in-ternas que resolvimos en González Segarra et al. v. CFSE, 188 DPR 252 (2013). Allí resolvimos que los nombramien-tos de los empleados efectuados mediante convocatorias in-ternas violaron el Reglamento Núm. 6226 de 6 de noviem-bre de 2000, Reglamento de Personal para los Empleados Gerenciales de la Corporación del Fondo del Seguro del Estado (Reglamento de Personal) y fueron contrarios al principio de mérito, porque no se demostró que había que apartarse del mecanismo de competencia abierta.
*880 En esencia, los empleados comenzaron a trabajar en la CFSE en puestos clasificados como unionados al amparo de un convenio colectivo. Posteriormente fueron nombra-dos en los puestos gerenciales vía convocatoria interna. Durante la permanencia en esos puestos gerenciales, los empleados fueron evaluados conforme a sus ejecutorias y se les otorgaron aumentos salariales por mérito. Su desem-peño, para propósitos de la otorgación, fue evaluado con-forme al Sistema de Evaluación y Motivación de Recursos Humanos adoptado por la CFSE el 31 de mayo de 1996. Ese sistema de evaluación está basado en criterios de pro-ductividad, eficiencia, orden y disciplina.
Posteriormente, en enero de 2010 la CFSE notificó a los empleados su intención de dejar sin efecto sus nombra-mientos gerenciales por entender que habían sido hechos en violación de las disposiciones reglamentarias y el Dere-cho vigente. En consecuencia, en la misiva la CFSE noti-ficó a los empleados afectados la intención de declarar nu-los sus nombramientos a puestos gerenciales.
Tras varios trámites procesales, la CFSE emitió una de-cisión en la que concluyó que procedía la anulación de los puestos gerenciales. Con esa determinación, se reinstala-ron los empleados afectados a sus puestos unionados en la unidad apropiada a la cual pertenecían antes de ocupar los puestos gerenciales anulados. A su vez, la CFSE eliminó los aumentos de salarios otorgados producto de los pasos por mérito, bajo la premisa de que los empleados uniona-dos no reciben pasos por mérito y sí aumentos por años de servicio.
Inconformes, los empleados acudieron ante la JACFSE mediante un recurso de apelación y solicitud urgente de medidas provisionales. Reclamaron ser reinstalados en los puestos gerenciales que ocupaban. En cuanto a las medi-das provisionales, solicitaron mantener el plan médico y otros beneficios marginales hasta que la determinación ad-viniera final y firme; que se pospusiera el descenso hasta *881 que se ventilaran los méritos del caso, y que se paralizara cualquier descuento o revisión salarial que estuviera en proceso.
Luego de evaluar la controversia, la JACFSE confirmó la decisión de la CFSE de anular los nombramientos efec-tuados mediante convocatorias. No obstante, determinó que resolvería por separado la controversia referente a si a un empleado gerencial le asistía el derecho a mantener los aumentos por mérito al ser reinstalado en el puesto unionado.
El 30 de junio de 2011 la JACFSE emitió la decisión referente a los pasos por mérito. Tras evaluar las disposi-ciones del Sistema de Evaluación y Motivación de Recursos Humanos de la CFSE, la JACFSE resolvió que procedía que se restituyeran a los empleados los pasos por mérito obtenidos como empleados gerenciales. En síntesis, la JACFSE entendió que “[e]l aumento salarial recibido como paso por mérito ingresó y formó parte del patrimonio del empleado, surgiendo de ahí en adelante un derecho a con-tinuar recibiéndolo salvo que sea privado por justa causa y cumpliéndose con el debido proceso de ley”. (Énfasis suprimido). Apéndice, págs. 97-98. El representante de la Administración de la CFSE, Ledo. Fernando Font Lee, emitió una opinión disidente en la que expuso que la JACFSE carecía de jurisdicción sobre la materia para en-tender en el asunto. Expuso que la controversia debía ser ventilada ante el Comité de Querellas o en el foro judicial con competencia.
Inconforme con esa determinación, la CFSE presentó una moción de reconsideración que no fue acogida por la JACFSE. Por ello, el 29 de agosto de 2011 la CFSE acudió ante el Tribunal de Apelaciones mediante un recurso de revisión de decisión administrativa. La CFSE planteó ante ese foro que erró la JACFSE al concluir que los empleados tenían derecho a los pasos por mérito concedidos y al tomar tal decisión sin tener jurisdicción sobre la materia, pues a los peticionarios les aplicaba el Convenio Colectivo vigente.
*882 El 11 de octubre de 2012 el Tribunal de Apelaciones re-vocó el dictamen recurrido. Ese foro concluyó que la JACFSE carecía de jurisdicción para ordenar a la CFSE que mantuviera los pasos por mérito concedidos a los empleados. Fundamentó su contención en que esos em-pleados dejaron de ser gerenciales luego de que la CFSE declarara nulos sus nombramientos. Por consiguiente, al ser reinstalados en sus puestos como empleados uniona-dos, y conforme a las disposiciones del Reglamento de la Junta de Apelaciones para Empleados Gerenciales, la JACFSE no tenía jurisdicción para adjudicar sus reclama-ciones respecto al derecho a mantener pasos por mérito.
El 26 de octubre de 2012 los empleados afectados pre-sentaron una moción de reconsideración ante el Tribunal de Apelaciones que fue declarada “no ha lugar”. Inconfor-mes con esa determinación, un grupo de setenta y cinco empleados de la CFSE comparecieron ante este Tribunal el 10 de diciembre de 2012 mediante una petición de certiorari. Solicitan que revoquemos la sentencia del foro apelativo intermedio que resolvió que la JACFSE carece de jurisdicción sobre la materia para adjudicar su derecho a mantener los pasos por mérito obtenidos mientras fueron empleados gerenciales. Arguyen que la JACFSE sí ostenta jurisdicción para atender sus reclamos en virtud del poder jurisdiccional otorgado a esa entidad en el Art. 5, acápite 5.6(c) del Reglamento de la Junta.
El 21 de marzo de 2013 expedimos el auto. Con el bene-ficio de la comparecencia de ambas partes, pasamos a resolver.
l 1 — I
A. La jurisdicción se refiere al poder o la autoridad que posee un tribunal o un organismo administrativo para considerar y decidir casos que se sometan ante su consideración. S.L.G. Solá-Moreno v. Bengoa Becerra, 182 *883 DPR 675, 682 (2011). Véanse, además, Asoc. Punta Las Marías v. A.R.Pe., 170 DPR 253, 263 esc. 3 (2007); ASG v. Mun. San Juan, 168 DPR 337, 343 (2006). Por eso, en innumerables ocasiones hemos dicho que las cuestiones jurisdiccionales “deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo”. González v. Mayagüez Resort & Casino, 176 DPR 848, 856 (2009), citando a Autoridad Sobre Hogares v. Sagastivelza, 71 DPR 436, 439 (1950). Por consiguiente, de hallarse un tribunal sin jurisdicción, debe desestimar la reclamación, “sin entrar en los méritos de la cuestión ante sí”. Id., citando a González Santos v. Bourns P.R., Inc., 125 DPR 48, 63 (1989).
En Raimundi v. Productora, 162 DPR 215, 224 (2004), señalamos que “en el ámbito administrativo, al igual que en el foro judicial, no existe discreción para asumir jurisdicción donde no la hay”. (Enfasis en el original). Por ello, “[c]onforme [a] nuestro ordenamiento jurídico, una agencia administrativa únicamente tiene los poderes otorgados expresamente por su ley habilitadora y aquellos que sean indispensables para llevar a cabo sus deberes y responsabilidades”. ASG v. Mun. San Juan, supra, pág. 343. Véase, además, Raimundi v. Productora, supra, pág. 224.
Para determinar la jurisdicción de las agencias administrativas para atender un asunto, se deben analizar los poderes otorgados expresamente por su ley habilitadora y aquellos que sean indispensables para llevar a cabo las facultades conferidas. Raimundi v. Productora, supra, pág. 224. De ahí que “una agencia administrativa no puede asumir jurisdicción sobre situación alguna que no esté autorizada por ley”. (Énfasis en el original). íd., pág. 225. Véase, además, Caribe Comms., Inc. v. P.R.T.Co., 157 DPR 203, 225 (2002). De otro modo, en ausencia de delegación legal de autoridad, “ni la necesidad, ni la utilidad, ni la conveniencia pueden sustituir al estatuto en cuanto a *884 fuente de poder de una agencia administrativa”. (Énfasis en el original). Raimundi v. Productora, supra, pág. 225. Véase, además, Martínez v. Rosado, 165 DPR 582, 594 (2005).
B. Como señalamos en González Segarra et al. v. CFSE, supra, págs. 283-284,
[l]os Arts. 1B-4 y 6 de la ley habilitadora de la CFSE, Ley Núm. 45 de 18 de abril de 1935, según enmendada, conocida como Ley del Sistema de Compensaciones por Accidentes del Trabajo, 11 LPRA sec. lb-4 y 8, “faculta[n] al Administrador del Fondo a organizar y administrar su propio sistema de personal sin sujeción a la ley de personal aplicable a los emplea-dos públicos, pero sujeto al principio de mérito”. (Escolio omi-tido y énfasis en el original).
Aclaramos que “[ajunque la CFSE es una dependencia que funciona como negocio privado y, por ende, está ex-cluida de las leyes de personal del servicio público, la ad-ministración de su sistema de personal se regirá por el reglamento de personal adoptado para esos efectos”. González Segarra et al. v. CFSE, supra, pág. 284. Véase, además, Art. 1B-4 de la Ley Núm. 45, supra. Con tal fin, la CFSE ha aprobado a lo largo de los años distintos regla-mentos de personal. Precisamente, la JACFSE fue creada mediante el Reglamento de Personal de la CFSE. Particu-larmente, el Art. 18 del mencionado reglamento dispone:
ARTÍCULO 18-JUNTA DE APELACIONES
Sección 18.1 Creación
Con el fin de atender y resolver en forma diligente, ordenada y justa todas las controversias, quejas y querellas que pudieran surgir por parte de los empleados gerenciales o cualquier persona ajena que entienda que la Corporación o sus funcionarios le han violentado de alguna manera sus derechos respecto a las áreas esenciales al principio de mérito, se crea la Junta de Apelaciones de la Corporación del Fondo del Seguro del Es-tado (JACFSE) en adelante, la Junta.
Sección 18.02 Funciones
La Función de la Junta será la de servir de organismo ape-lativo a los empleados gerenciales sobre las decisiones del Ad- *885 ministrador, referente a cualquier acción relacionada a las áreas esenciales al principio de mérito o cualquier acción de carácter disciplinario.
La Junta también tendrá facultad para conocer y resolver apelaciones en caso de ciudadanos que aleguen que una acción o decisión del Administrador respecto al área esencial de re-clutamiento viola su derecho a ingresar como empleado geren-cial en la Corporación en contravención del principio de mérito. (Énfasis nuestro).
Como se desprende de lo anterior, la Sec. 18.1 del Reglamento de Personal dio autoridad a la JACFSE para atender y resolver todas las controversias, quejas y querellas que pudieran surgir por parte de los empleados gerenciales que entiendan que la Corporación o sus funcionarios le han violado de alguna manera sus derechos respecto a las áreas esenciales al principio de mérito. Específicamente, el Art. 7(4) del Reglamento de Personal define las áreas esenciales al principio de mérito como: (1) la clasificación de puestos, (2) el reclutamiento y selección, (3) los ascensos, traslados y descensos, (4) los adiestramientos y (5) la retención. De la misma forma, el Art. 7(16) del Reglamento de Personal de la CFSE define “descenso” como el “[c]ambio de un empleado de un puesto a otro con funciones de nivel inferior, para el cual se ha provisto un tipo de retribución más bajo”.
Sin lugar a dudas, como la eliminación de los pasos por mérito afecta directamente la remuneración económica de un empleado, estamos ante un asunto que está dentro de la autoridad de adjudicación de la JACFSE conforme dispone el Art. 18, Sec. 18.1 del Reglamento de Personal.
Por último, el Art. 5 del Reglamento de la Junta esta-blece sobre la jurisdicción de la JACFSE que
[l]a Junta será el organismo al cual podrán acudir los em-pleados gerenciales, para apelar decisiones del Administrador de la Corporación del Fondo del Seguro del Estado, o de la persona en quien éste delegue, en cuanto a:
5.1 Destituciones, suspensiones de empleo, sueldo, beneficios marginales, licencias, cesantías, amonestaciones o cualquier *886 acción de carácter disciplinario o ligados al principio de mérito.
5.2 Controversias relacionadas a la adjudicación de plazas y reclasificaciones.
5.3 Alegaciones de violación del Reglamento de Personal.
5.4 Casos de separación de empleados en período probatorio cuando la acción sea motivada por discrimen de raza, color, sexo, nacimiento, edad, origen o condición social, condición marital, ideas políticas, creencias religiosas o impedimento fí-sico o mental.
5.5 Aquellos empleados que cualifiquen a empleo o ascenso y que aleguen violaciones al principio de mérito en recluta-miento de empleados para el puesto solicitado por ellos.
5.6 La Junta no tendrá jurisdicción en apelaciones provenien-tes de:
a. Empleados representados por alguna entidad sindical certi-ficada para negociar colectivamente con la Corporación, ex-cepto cuando se trate de competencia a un puesto gerencial o desempeño de funciones gerenciales.
b. Empleado de confianza en virtud de las disposiciones de la Sección 6.2 del Reglamento de Personal.
c. Personas que presten servicios en la Corporación en virtud de un contrato. (Enfasis nuestro).
HH I — I
Una lectura de la sentencia del foro apelativo interme-dio revela que ese tribunal erró al declarar que la JACFSE carecía de jurisdicción sobre la materia para entender en este asunto. El Tribunal de Apelaciones ignoró la excepción contenida en el Art. 5, acápite 5.6(a) del Reglamento de la Junta. Si bien es cierto que en ese acápite se dispone que la JACFSE no tendrá jurisdicción para atender reclamos de “[e]mpleados representados por alguna entidad sindical certificada para negociar colectivamente con la Corpora-ción”, no es menos cierto que expresamente se exceptúan los casos que “trate [n] de competencia a un puesto geren-cial o desempeño de funciones gerenciales”. Al estar direc-tamente atado el reclamo de los empleados al desempeño de funciones gerenciales, la JACFSE poseía jurisdicción para entender en la controversia. Esta controversia versa *887 sobre una disputa acerca de la “competencia a un puesto gerencial” que menciona el Art. 5.6(a) del Reglamento de la Junta de Apelaciones para Empleados Gerenciales.
La interpretación restrictiva que hizo el Tribunal de Apelaciones de la jurisdicción de la JACFSE tiene el efecto práctico de dejar desprovistos a los empleados afectados de un foro apelativo en la CFSE para dirimir su reclamación. Es imposible reclamar un derecho ante un Comité de Que-rellas bajo el Convenio Colectivo que se originó cuando el empleado no formaba parte de la unidad apropiada por encontrarse ocupando un puesto regular de carrera y des-empeñando funciones gerenciales y de supervisión. Ade-más, se trata de pasos por mérito recibidos mientras estos empleados ocupaban un puesto gerencial. Fue la JACFSE la que decidió bifurcar el trámite y resolver esta controver-sia después de convalidar la destitución de los peticiona-rios como empleados gerenciales y su ubicación en sus puestos de carrera. La JACFSE podía resolver ambos casos simultáneamente, pero prefirió no hacerlo. Eso no la privó de jurisdicción. Incluso, la carta a los empleados afectados les apercibió correctamente de su derecho de apelación ante la JACFSE de la determinación de anular sus puestos y descenderlos a un puesto unionado. A la luz de todo lo anterior, concluimos que la JACFSE ostenta jurisdicción para atender el reclamo de estos empleados respecto a su derecho a mantener los aumentos por mérito obtenidos du-rante su permanencia en el puesto gerencial.
IV
Por los fundamentos expuestos, se revoca la determina-ción del Tribunal de Apelaciones y se devuelve el caso a ese foro para que resuelva en los méritos si los empleados afec-tados ostentan el derecho de mantener los aumentos por mérito obtenidos mientras ejercieron puestos gerenciales.

Se dictará sentencia de conformidad.

*888 El Juez Presidente Señor Hernández Denton concurrió e hizo constar que coincide en que la Junta de Apelaciones de la Corporación del Fondo del Seguro del Estado tiene jurisdicción para atender la presente controversia. Ahora bien, reitera que los nombramientos de los empleados eran válidos, tal como expresó en su disenso en González Segarra et al. v. CFSE, 188 DPR 252 (2013). La Juez Asociada Señora Rodríguez Rodríguez concurrió sin opinión escrita y se unió a las expresiones del Juez Presidente Señor Hernández Denton.