Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| IVAN IRIZARRY VÉLEZ  Recurrente  v.  LUMA ENERGY, LLC Y OTROS  Recurrida | KLRA202400138 | REVISIÓN JUDICIAL procedente de la Junta Reglamentadora de Servicio Público, Negociado de Energía de Puerto Rico  Caso núm.: NEPR-QR-2023-0126 |
|---|---|---|

Panel integrado por su presidenta la jueza Ortiz Flores, el juez Rivera Torres, la jueza Rivera Pérez y el juez Campos Pérez.

**Rivera Torres, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de abril de 2024.

Comparece ante este tribunal apelativo la Oficina Independiente de Protección al Consumidor de la Junta Reglamentadora de Servicio Público (OIPC), en representación del Sr. Iván Irizarry Vélez (el señor Irizarry Vélez o el recurrente) mediante el recurso de revisión judicial de epígrafe solicitándonos que revoquemos la *Resolución Final y Orden* emitida por el Negociado de Energía de Puerto Rico de la Junta Reglamentadora de Servicio Público (el NEPR o el recurrido) el 10 de enero de 2024, notificada y archivada en autos el 12 de enero siguiente. Mediante este dictamen, el NEPR desestimó la querella instada por el señor Irizarry Vélez al no haberse agotado el proceso administrativo ante LUMA previo a acudir en revisión ante el foro administrativo.

Por los fundamentos que expondremos a continuación, procede confirmar el dictamen impugnado.

**I.**

El señor Irizarry Vélez es cliente residencial de LUMA Energy, LLC y LUMA Energy Servco, LLC, (conjuntamente conocidas como

LUMA). El 7 de junio de 2023, este objetó la factura para el periodo del 2 de mayo de 2023 hasta el 1 de junio siguiente por $405.63.

El 8 de [junio] de 2023, LUMA le remitió una carta en la cual consignó haber recibido la objeción de la factura por concepto de alto consumo y que la misma cumplía con los requisitos establecidos en el Reglamento del Negociado de Energía.[1] Además, se le indicó que a la objeción se le asignó el número 4525221179.

Luego de trámites relacionados con el acceso al contador en la residencia del recurrente,[2] el 2 de agosto de 2023, LUMA le envió una carta indicando haber realizado la investigación correspondiente y esta arrojó que la lectura del contador era regular por lo que no ameritaba un ajuste. Asimismo, se le informó que el balance de su cuenta era de $3,133.55. En el comunicado se le advirtió que conforme a la Ley núm. 57-2014 tenía un término de veinte (20) días para solicitar una revisión del resultado de la investigación. Se le apercibió expresamente que tendría "hasta el **22 de agosto de 2023** para solicitar una revisión de su caso. De no solicitar una revisión según indicado, procederemos a cerrar su reclamación entendiendo que no tiene interés en proseguir con la misma."[3]

Así pues, el **11 de agosto de 2023**, el señor Irizarry Vélez presentó una *Querella* ante el NEPR contra LUMA para objetar la determinación de la compañía de servicio eléctrico. Ello, al entender que LUMA incumplió con la Ley núm. 57-2014 y; por tanto, estaba obligada a conceder el remedio solicitado.

El 8 de septiembre de 2023, LUMA presentó una *Moción de Desestimación por Falta de Jurisdicción para Atender la Controversia Planteada* en la que señaló que el señor Irizarry Vélez **no solicitó**

---

[1] Por error o inadvertencia la carta enviada tiene fecha del 8 de mayo de 2023 cuando debió leer 8 de junio de 2023.
[2] Véase el Apéndice del Recurso, a la pág. 5.
[3] *Íd.*, a la página 7. Énfasis en el original.

**reconsideración** del resultado de la investigación sobre la factura objetada lo que provocó el cierre del caso. Indicó que, al no haberse agotado el procedimiento administrativo informal de revisión de facturas ante ellos, <u>el Negociado carece de jurisdicción para considerar la querella y procede desestimar el caso</u>.

El 19 de septiembre de 2023, el recurrente instó la correspondiente oposición argumentando que el NEPR sí tiene autoridad para considerar el reclamo debido a que LUMA, al incumplir con los términos reglamentarios atinentes a la revisión de facturas, perdió jurisdicción para atender el caso.[4]

El 11 de octubre de 2023, se celebró una *Vista Evidenciaria Virtual* para discutir la controversia jurisdiccional. Surge de la *Resolución Final y Orden* recurrida que LUMA en la vista reiteró que procedía la desestimación de la querella por el recurrente fallar en agotar los remedios administrativos informales, al no solicitar una reconsideración del resultado de la investigación. Por su parte, el señor Irizarry Vélez recalcó que la carta cursada el 8 de junio no constituye el inicio de la investigación exigida en la Sección 4.10 del Reglamento Núm. 8863, *infra.* Al respecto, LUMA enfatizó que esa misiva es su respuesta inicial y **a la misma vez, la determinación de inicio de investigación**. Ello, debido a que su "práctica siempre ha sido notificar al cliente la respuesta inicial y la determinación de investigación conjuntamente".[5]

Así las cosas, el 10 de enero de 2024, notificada el 12 posterior, el NEPR emitió la *Resolución y Orden* objetada en la que acogió el petitorio desestimatorio de LUMA y en consecuencia, desestimó el caso, y ordenó el cierre y archivo de la causa. En su raciocinio, y en lo aquí pertinente, el foro revisado entendió que:[6]

---

[4] Destacamos que dicho escrito no formó parte del Apéndice del Recurso. Sin embargo, el mismo forma parte de los autos originales que fueron elevados ante esta Curia.

[5] Véase, Apéndice del Recurso, a la pág. 22.

[6] *Íd.*, a las págs. 25-26. Énfasis en el original y subrayado nuestro.

...

El **2 de agosto de 2023**, LUMA emitió el resultado de la investigación (nota al calce omitida). LUMA debía notificar el resultado de la investigación dentro del término de sesenta (60) días a partir de la fecha de comienzo de la investigación. <u>La investigación comenzó el 8 de junio de 2023</u>. Por consiguiente, LUMA tenía hasta el 7 de agosto de 2023 para notificar el resultado de la investigación. De manera que, habiendo notificado el resultado de investigación a la parte querellante el 2 de agosto de 2023, lo hizo oportunamente. De igual forma, en su comunicación notificando el resultado de la investigación, LUMA **apercibió** a la parte querellante que tendría hasta el **22 de agosto de 2023** para solicitar una revisión de su caso y que de no solicitarla, se procedería con el cierre de su reclamación por falta de interés.

El **11 de agosto de 2023**, la parte querellante presentó la Querella de epígrafe ante el negociado de Energía. **La parte querellante no solicitó reconsideración del resultado de la investigación**. Por lo tanto, acudió ante el Negociado de Energía de forma prematura, a saber, antes de agotar el procedimiento administrativo informal para la objeción de facturas ante LUMA.

...

Así pues, dado que el procedimiento informal para la objeción de facturas ante LUMA no se agotó en el presente caso, el Negociado de Energía <u>carece de jurisdicción para retener el caso y adentrarse en sus méritos</u>. Es decir, no gozamos de autoridad para pasar juicio sobre la procedencia de la objeción de la factura de 1 de junio de 2023. Por consiguiente, debe acogerse la petición de desestimación de LUMA, no habiendo agotado remedios la parte querellante.

Inconforme, el 1 de febrero de 2024 el señor Irizarry Vélez, representado por la OIPC, instó *Moción de Reconsideración* donde nuevamente expresó que, en la misiva del 8 de junio de 2023, LUMA no notificó la fecha del inicio de la investigación lo que constituyó un incumplimiento con la Sección 4.10 de la Ley Núm. 57-2014 y con el Reglamento Núm. 8863, *infra*, del NEPR. Al respecto, abundó que la carta emitida el 8 de junio no constituye la carta que requiere la legislación y el reglamento aplicable. En este particular, resulta importante destacar que la OPIC coincidió con el hecho de que LUMA no tiene que "notificar su respuesta inicial y de determinación de inicio de investigación de forma separada, [...]. No vemos problema alguno en que ambas notificaciones se emitan en un mismo documento. Muy por el contrario, entendemos que se hace

buen uso de los fondos públicos de esta forma, tomando en consideración los recursos humanos invertidos para emitir dos comunicaciones distintas. Sin embargo, indistintamente del modo operacional escogido por LUMA para esos fines, ambas notificaciones tienen que emitirse, lo que no ocurrió en el caso de autos."[7] Por otro lado, y sin argumento en derecho, concluyó que ante el incumplimiento con las disposiciones legales LUMA perdió jurisdicción para atender la objeción de la factura.

El NEPR no actuó sobre el referido pedido. Por lo que, todavía insatisfecho, el recurrente acude oportunamente ante esta Curia imputándole al foro revisado haber incurrido en el siguiente error:

> ERRÓ EL NEGOCIADO DE ENERGÍA AL DESESTIMAR LA QUERELLA RADICADA POR EL RECURRENTE POR FALTA DE JURISDICCIÓN AL CONCLUIR QUE, LA CARTA CON FECHA DEL 8 DE JUNIO DE 2023 [NOTA AL CALCE OMITIDA], IDENTIFICADA POR EL FORO COMO "CARTA RECIBO CASO", CONSTITUYÓ LA RESPUESTA INICIAL Y DE INICIO DE INVESTIGACIÓN DE LA OBJECIÓN.

El 19 de marzo de 2024, emitimos una *Resolución* concediéndole a la parte recurrida el término de treinta (30) días para expresarse. Asimismo, otorgamos el plazo de cinco (5) días al NEPR para elevar ante nuestra consideración los autos originales del caso *Iván Irizarry Vélez v. Luma Energy, LLC,* Caso núm. NEPR-QR-2023-0126. El 17 y el 19 de abril siguiente la parte recurrida cumplió con nuestra orden. Asimismo, el 25 de abril mediante una *Moción en Cumplimiento de Orden* la Junta Reglamentadora señala que por inadvertencia no advino en conocimiento del término concedido para elevar los autos originales y acompañó los mismo con la referida moción. Así, nos damos por cumplidos, y decretamos perfeccionado el recurso.

---

[7] *Íd.*, a la pág. 39.

Analizados los escritos de las partes, el expediente apelativo y los autos originales; así como estudiado el derecho aplicable, procedemos a resolver.

**II.**

**Revisión judicial de las decisiones administrativas**

La revisión judicial de las decisiones administrativas tiene como fin primordial limitar la discreción de las agencias y asegurarse que estas desempeñen sus funciones conforme a la ley. *García Reyes v. Cruz Auto Corp.*, 173 DPR 870, 891-892 (2008). En el ámbito administrativo, los tribunales apelativos deben conceder una gran deferencia a las decisiones emitidas por las agencias debido a la vasta experiencia y conocimiento especializado en los asuntos que les han sido encomendados. *Asoc. Fcias. v. Caribe Specialty et al. II.*, 179 DPR 923, 940 (2010).[8]

No obstante, esta deferencia reconocida a las decisiones de las agencias administrativas habrá de ceder, solamente, cuando la misma no esté basada en evidencia sustancial, cuando la agencia erró en la aplicación de la ley y cuando su actuación resulte ser una arbitraria, irrazonable o ilegal. *The Sembler Co. v. Mun. de Carolina*, 185 DPR 800, 822 (2012). Por consiguiente, la revisión judicial de una decisión administrativa se circunscribe a analizar: (1) si el remedio concedido fue razonable; (2) si las determinaciones están sostenidas con evidencia sustancial; y (3) si erró la agencia al aplicar la ley. *Asoc. Fcias. v. Caribe Specialty et al. II, supra,* a la pág. 940.

**Ley núm. 57-2014, 22 LPRA sec. 1051, *et. seq.***

Mediante la Ley núm. 57-2014, conocida como la *Ley para la Transformación y Alivio Energético de Puerto Rico*, se aprobó la

---

[8] Véanse, también, *Martínez v. Rosado*, 165 DPR 582, 589, (2005); *Otero v. Toyota*, 163 DPR 716, 727 (2003).

creación e implementación de una Reforma Energética. Como parte de dicho proceso se enmendó la ley orgánica de la AEE,[9] y se creó la Comisión de Energía como ente independiente especializado encargado de reglamentar, supervisar y hacer cumplir la política pública energética del Estado Libre Asociado de Puerto Rico.[10] Además, se creó la Oficina Independiente de Protección al Consumidor, en adelante OIPC, para entre otros fines, ser defensor y portavoz de los intereses de los clientes ante el NEPR, incluyendo los asuntos relacionados a las disputas sobre facturas con la AEE.[11]

El proceso para la revisión de las facturas eléctricas está detallado en el Artículo 6.27 del referido estatuto, 22 LPRA sec. 1054z, el cual claramente establece en su inciso (a) lo siguiente:

> **Antes de acudir al Negociado de Energía** para solicitar una revisión de factura de servicio eléctrico**, toda persona deberá agotar, ante la compañía de energía certificada** que le cobró dicha factura, **el procedimiento administrativo informal que se establece en esta sección y en los reglamentos que adopte el Negociado de Energía**. En este proceso administrativo informal no aplicarán las disposiciones de las secs. 9641 a 9661 del Título 3, conocidas como la "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico". [Énfasis nuestro]

Por otra parte, y en virtud de los Artículos 6.3, 6.4 y 6.27 de la Ley núm. 57-2014, 22 LPRA secs. 1054b, 1054c, 1054z, respectivamente, la Comisión de Energía de Puerto Rico, hoy NEPR, adoptó y promulgó el Reglamento Núm. 8863, intitulado *Reglamento sobre el procedimiento para la revisión de facturas y suspensión del servicio eléctrico por falta de pago* (Reglamento Núm. 8863).[12] El Reglamento tiene como propósito establecer las normas que rigen los mecanismos y procedimientos que las compañías de servicio eléctrico proveerían a sus clientes a los fines de atender y resolver

---

[9] La Ley núm. 83 de 2 de mayo de 1941.
[10] Véase, Exposición de Motivos de la Ley núm. 57-2014.
[11] *Íd.*
[12] Este reglamento fue enmendado por el Reglamento Núm. 9076 de 15 de marzo de 2019.

todas las disputas que surgiesen relacionadas a las facturas por concepto de consumo energético.

Además, este dispone **el procedimiento de objeción de facturas que, conforme a la ley, debía ser agotado antes de solicitar revisión ante el NEPR** y las normas para la suspensión del servicio ante la falta de pago.[13] Igualmente, este cuerpo reglamentario **aplica a los procesos informales** que establezcan las compañías de servicio eléctrico en Puerto Rico para la revisión de facturas y suspensión de servicio al cliente.[14]

El NEPR exige a través del Reglamento Núm. 8863, Sección 2.01, a toda compañía de servicio eléctrico, la publicación de un procedimiento **administrativo informal** de objeción de facturas **que contemple la solicitud de reconsideración y revisión** ante la Comisión de Energía de Puerto Rico, hoy NEPR,[15] junto a los requisitos sobre la información que ha de presentar el cliente y los formularios relacionados a este.

En lo aquí pertinente, la Sección 4.13 del cuerpo de reglas reza que, si el cliente **no está conforme con la decisión inicial** de la objeción de factura **y el resultado de la investigación** de la Compañía de Servicio Eléctrico, **podrá solicitar por escrito a dicha Compañía la reconsideración de la decisión inicial**.[16] La Compañía de Servicio Eléctrico remitirá toda solicitud de reconsideración a la atención de un funcionario de mayor jerarquía que aquel que haya realizado la investigación inicial.[17] Asimismo, tanto la Ley núm. 57-2014 como el Reglamento 8863 disponen que **toda solicitud de reconsideración deberá presentarse dentro del**

---

[13] Secciones 1.03 y 2.02 del Reglamento Núm. 8863.
[14] Sección 1.04 del Reglamento Núm. 8863.
[15] La Ley núm. 211-2018 conocida como *Ley para Implementar el Plan de Reorganización de la Junta Reglamentadora de Servicio Público de Puerto Rico*, enmendó el Artículo 1.3 de la Ley núm. 57-2014, para, entre otros, alterar la definición de "Comisión o Comisión de Energía" a los efectos de disponer que significará el Negociado de Energía de Puerto Rico o NEPR.
[16] Véase también, el Artículo 6.27 inciso (4) de la Ley núm. 57-2014.
[17] *Íd.*

**término de 20 días, contados a partir de la fecha de notificación de la decisión de la Compañía de Servicio Eléctrico sobre el resultado de la investigación.**[18] La Compañía de Servicio Eléctrico tendrá un término de 30 días para evaluar la reconsideración y notificar por escrito su determinación final.[19] Toda determinación final deberá apercibir claramente por escrito sobre el derecho de presentar un recurso de revisión ante la Comisión, hoy NEPR.[20]

Finalmente, ordena la Sección 5.01 del Reglamento Núm. 8863 que todo cliente que no esté conforme con la decisión final de la Compañía de Servicio Eléctrico, referente a una querella o una objeción de factura, **podrá iniciar un procedimiento formal** de revisión ante el NEPR dentro del término de 30 días, contados a partir de la fecha de notificación de la decisión final. Al presentar su solicitud de revisión, **el querellante deberá demostrar que ha cumplido fielmente con los requisitos establecidos en el Artículo 6.27 de la Ley núm. 57-2014 y en el Reglamento.**[21]

De igual manera, la Sección 5.01 del cuerpo legal, *supra*, dispone que la OIPC tendrá legitimación activa para iniciar procedimientos de revisión ante la Comisión en representación de cualquier Cliente de la Compañía de Servicio Eléctrico que no tenga otra representación legal. **Antes de presentar recursos** en representación de Clientes de Servicio Eléctrico, **la OIPC deberá verificar y acreditar** ante el NEPR que el cliente **ha cumplido con los requisitos establecidos** en el Artículo 6.27 de la Ley núm. 57-2014 y del Reglamento.[22]

**III.**

---

[18] Véase el Artículo 6.27 inciso (4) de la Ley núm. 57-2014, y la Sección 4.13 del Reglamento.
[19] Véase el Artículo 6.27 inciso (5) de la Ley núm. 57-2014, y la Sección 4.14 del Reglamento.
[20] *Íd.*
[21] Véase, también el Artículo 6.27 inciso (d) de la Ley núm. 57-2014.
[22] *Íd.*

En esencia, el señor Irizarry Vélez planteó que erró el NEPR al concluir que la carta con fecha del 8 de junio constituyó la respuesta inicial y de inicio de la investigación. Al respecto, es menester señalar que el fundamento para la desestimación de la querella fue **la falta de jurisdicción del NEPR** debido a que el recurrente no culminó el trámite administrativo informal ante LUMA.

Como surge expresamente del Artículo 6.27 de la Ley núm. 57-2014, *supra*, **antes de acudir** al NEPR para solicitar una revisión de factura de servicio eléctrico, **toda persona debe agotar**, ante la compañía de energía certificada que le cobró dicha factura, en este caso LUMA, **el procedimiento administrativo informal. Lo que incluye presentar una reconsideración de la decisión inicial.** De igual manera, en la Sección 4.13 del Reglamento Núm. 8863 se incluye la norma sobre **la reconsideración de la determinación primaria**. Por lo cual, no es hasta que la Compañía de Servicio Eléctrico emite su decisión final, que el cliente puede **iniciar el procedimiento formal** de revisión ante el NEPR. A su vez, la Sección 5.01 del referido cuerpo legal estatuye que, para dar comienzo a dicho procedimiento, es indispensable que **el querellante demuestre haber cumplido fielmente con los requisitos** establecidos en el Artículo 6.27 de la Ley núm. 57-2014 y con el Reglamento, según disponen ambos cuerpos legales, antes citados.

En el presente caso, resulta forzoso concluir que el señor Irizarry Vélez presentó ante el NEPR la solicitud de revisión de la decisión inicial de LUMA de forma prematura. Esto, como bien razonó el foro revisado, sin antes haber agotado el procedimiento administrativo informal para la objeción de facturas ante LUMA. Es decir, este tenía que presentar primeramente ante LUMA una reconsideración planteando los argumentos que levantó ante el NEPR. Así lo exige la normativa regente.

Por otra parte, no surge fundamento legal alguno que nos permita concluir que la carta emitida el 2 de agosto de 2023 es nula por haberla emitido LUMA sin jurisdicción. Reiteramos que la misiva advertía del derecho a solicitar revisión. Incluso, fue el propio recurrente-querellante quien, a pesar del diáfano apercibimiento, determinó presentar en dicho término, una querella ante el NEPR.[23] Esto, recalcamos en vez de cumplir con lo allí requerido. De hecho, el señor Irizarry Vélez nunca argumentó la existencia de algún motivo por el cual incumplió lo expresamente apercibido en la carta.

En fin, el error no fue cometido y más aún, el NEPR no tenía jurisdicción para atender los planteamientos esbozados por el recurrente en la *Querella*. Como bien señaló en su *Alegato en Oposición...* "el incumplimiento de la Parte Recurrente con el procedimiento informal sobre revisión de factura conlleva que el Negociado de energía carezca de jurisdicción para atender la Querella."[24] Enfatizamos que, en el ámbito administrativo al igual que en el foro judicial, no existe discreción para asumir jurisdicción donde no la hay. *Raimundi v. Productora*, 162 DPR 215, 224 (2004), citado en *Pérez López y otros v. CFSE*, 189 DPR 877, 883 (2013).

Por último, apuntalamos que a tenor con los argumentos presentados por la OPIC y las expresiones que realizara el NEPR en la *Resolución Final y Orden*, entendemos meritorio exhortar a LUMA a incluir en su notificación primaria la fecha en la que comienza la investigación, según exige diáfanamente la Sección 4.10 del Reglamento Núm. 8863.

**IV.**

Por los fundamentos antes expuestos, procede confirmar la *Resolución Final y Orden* recurrida.

---

[23] Resaltamos que la carta claramente advertía que el recurrente tenía hasta el 22 de agosto de 2023 para solicitar la revisión. Sin embargo, el 11 de agosto este presentó la querella ante el NEPR.
[24] Véase el *Alegato en Oposición a Recurso de Revisión,* a la pág. 8.

KLRA202400138                                                              12

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del

Tribunal de Apelaciones.


                              LCDA. LILIA M. OQUENDO SOLÍS
                              Secretaria del Tribunal de Apelaciones