Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| RAMÓN L. ORTIZ ORTIZ MARITZA MARRERO APONTE<br><br>Recurrentes<br><br>v.<br><br>FIRST BANK<br><br>Recurrida<br><br>Oficina del Comisionado de Instituciones Financieras (OCIF)<br><br>Agencia Recurrida | KLRA202400570 | REVISIÓN JUDICIAL procedente de la Oficina del Comisionado de Instituciones Financieras (OCIF)<br><br>Querella núm.: Q24-D-047<br><br>Sobre: Anulación de Préstamo Hipotecario |

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 19 de diciembre de 2024.

Comparecen ante este tribunal apelativo el Sr. Ramón Luis Ortiz Ortiz y la Sra. Maritza Marrero Aponte, por derecho propio, (el matrimonio Ortiz-Marrero o la parte recurrente) mediante el recurso de revisión judicial de epígrafe solicitándonos que revoquemos la *Resolución* emitida por la Oficina del Comisionado de Instituciones Financieras (la OCIF o la recurrida), el 26 de agosto de 2024, notificada el 30 de agosto siguiente. Mediante este dictamen, la OCIF desestimó la querella instada por la parte apelante y en su consecuencia, decretó el archivo y cierre de la misma.

Por los fundamentos que expondremos a continuación, procedemos a confirmar el dictamen recurrido.

**I.**

El 28 de mayo de 2024, el matrimonio Ortiz-Marrero instó ante la OCIF una querella en contra de FirstBank Puerto Rico (FirstBank o el banco).[1] En esencia, arguyó que el banco le concedió un préstamo hipotecario mediante el que se gravó su propiedad ubicada en la Calle 6 H 16 de la Urbanización María del Carmen en Corozal. No obstante, indicó que el pagaré hipotecario vinculado a la Escritura de Hipoteca Núm. 74 otorgada el 30 de abril de 2012 ante el Notario Lcdo. Rafael A. González Valiente, se identificó incorrectamente el número de la calle, es decir, en vez de la 6 se indicó la 3. Alegó que, desde mayo de 2016, ha intentado con el banco que se corrija dicho error lo que ha resultado infructuoso. Expresó, además, que FirstBank solo le ha manifestado que tiene que otorgar un nuevo pagaré y otra escritura pagados por ellos.

Agregó que esta situación ha provocado que la institución financiera le haya cobrado indebidamente una hipoteca donde el pagaré no corresponde a la escritura. De igual manera, sostuvo que esto le ha causado profundas angustias mentales y emocionales. Así, solicitó la intervención de la OCIF para que anule la hipoteca y el pagaré al carecer estos documentos de consentimiento válido, y que la hipoteca sea removida del Registro de la Propiedad.

FirstBank presentó su *Contestación a Querella* en la que aceptó varias de las alegaciones y expresó que, al recibir la querella, se contactó al Lcdo. Rafael A. González Valiente, quien "procedió inmediatamente con la corrección de la descripción de la propiedad en el pagaré, haciendo este acto de subsanación mediante una Nota (en adelante, *"Allonge"*) al pagaré original, el día 27 de junio de 2024."[2] Se incluyó el referido documento en el escrito. Se indicó que: "Al tratarse de un error de descripción de la propiedad, que no

---

[1] El documento está fechado *Mayo 20 de 2024*. Véase, Apéndice del Recurso, a la pág. 1.
[2] Véase, Apéndice del Recurso, a la pág. 56. Alegación núm. 4.

altera los términos y condiciones del acuerdo hipotecario, no se requiere la firma de los Querellantes."[3]

Se argumentó, además, que no existe controversia sobre la propiedad ofrecida en hipoteca y que solo se cometió un error al describirla, y que la subsanación constituye el remedio adecuado para corregir la situación incorrecta plasmada en el pagaré, a tenor con el Artículo 240 de la Ley núm. 210-2015 conocida como *Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico,* 30 LPRA sec. 6001 *et seq.* Esto, debido a que la inexactitud está únicamente relacionada con la descripción de la propiedad hipotecada, lo cual no afecta el negocio jurídico ni la intención de las partes.

La parte recurrente instó una *Moción informativa y Sobre Otros Extremos* en donde sostuvo que FirstBank ha cometido fraude al reportar por doce (12) años al Departamento de Hacienda, en la Forma 480.7A, los intereses hipotecarios con la misma información falsa relativa a la dirección de la propiedad. Asimismo, expuso que, de forma ilegal y maliciosa, el banco le ha cobrado por dichos años el seguro de fuego, el de huracán y el de terremoto para la propiedad que ubica en la Calle 3. También se opuso a lo indicado por el banco, en su contestación a la querella, y reafirmó que la Escritura Núm. 74 es nula y fraudulenta desde sus inicios. Así, solicitó a la OCIF que **sancione a FirstBank por los reportes al Departamento de Hacienda** y a las compañías de seguros, y por el cobro indebido de las pólizas por los pasados doce (12) años y de la hipoteca. Además, que ordene la restitución de todos los pagos cobrados indebidamente por igual número de años y de todos los gastos de cierre que se cobraron.

---

[3] *Íd.* Alegación núm. 6.

Surge de la *Resolución* impugnada que, el 5 de agosto de 2024, la OCIF le notificó al banco una *Orden de Producción de Documentos,* la cual fue contestada el 9 de agosto posterior. En esta, FirstBank aclaró que el error de la descripción de la propiedad en el pagaré **fue corregido** mediante un *"Allonge",* el cual no se registra o inscribe en el Registro de la Propiedad. Ello, debido a que no se alteran los términos y acuerdos plasmados en la escritura de hipoteca, ni la intención de las partes.

Así las cosas, el 26 de agosto de 2024, notificada el 30 de agosto siguiente, la OCIF emitió la *Resolución* recurrida en la que esbozó las siguientes Determinaciones de Hechos:[4]

> 1- El 30 de abril de 2012, el Querellado otorgó a los Querellantes un préstamo hipotecario por la cantidad de $91,200 a un término de 30 años.
> 2- El abogado notario que otorgó la Escritura y el Pagaré fue el Lcdo. Rafael A. González Valiente.
> 3- El pagaré de la hipoteca describió la dirección de la propiedad erróneamente en la Calle 3 en lugar de la Calle 6.
> 4- El 3 de mayo de 2016, los Querellantes suscribieron una carta al Querellado para reclamar el error establecido en el Pagaré de la calle donde ubica la propiedad.
> 5- En la referida carta los Querellados solicitaron que el Querellado realizara las gestiones pertinentes para corregir el error en el Pagaré.
> 6- Luego de ocho (8) años, los Querellantes acudieron a este foro administrativo reclamando lo mismo.
> 7- El 27 de junio de 2024, el abogado notario Lcdo. Rafael A. González Valiente presentó una Nota (Allonge) en la cual se hizo constar el cambio de la calle para formar parte del Pagaré original.
> 8- El custodio del Pagaré original en conjunto con el "allonge" es el acreedor.

Asimismo, el ente administrativo razonó que:[5]

> Debemos mencionar que de los Querellantes cuestionar el negocio jurídico (hipoteca) le informamos que no le toca a este foro administrativo determinar si por el error que reclaman hay una "inexistencia" del negocio, ya que ni nuestra ley habilitadora ni nuestros reglamentos nos otorgan dicha facultad. Nuestra jurisdicción se limita a verificar el cumplimiento con la Ley Núm. 55, supra[,] y los Reglamentos aplicables a transacciones hipotecarias y estos nada dicen sobre la responsabilidad sobre problemas de un error cometido por el notario que otorgó el Pagaré en controversia y que

---

[4] *Íd.*, a la pág. 79.
[5] *Íd.*, a las págs. 80-81. Énfasis en el original y nuestro.

**al presente asumió su responsabilidad de subsanar el error del número de la calle**.

**En cuanto al argumento de información falsa sometida por el Querellado le corresponde a los Querellantes validar con la evidencia provista por el Lcdo. Rafael A. González Valiente con el Departamento de Hacienda** y con las compañías de seguro para que se hagan las anotaciones y/o enmiendas que aplique n.

Debemos mencionar que los Querellantes traen a nuestra atención violaciones a la Ley de Registro de la Propiedad, a la Ley de Instrumentos Negociables, a la Ley Notarial de Puerto Rico, a fraude y falsificación. Todas las referidas leyes no son administradas por la Oficina, por lo que la Oficina carece de facultad en ley para determinar, ordenar o sancionar al Querellado por violaciones a las mismas.

Por último, y no menos importante, los Querellantes acuden a este foro administrativo luego de ocho [años] de hacer la misma reclamación tanto al Querellado como a la compañía de título diligenciado a la mano en el Departamento de Hipotecas el 3 de mayo de 2016. Es nuestra opinión que esta controversia pudo atenderse a su debido tiempo sin que llegara a esta Oficina y más aún[,] cuando el abogado que otorgó la Escritura y el Pagaré era el responsable de atender la corrección desde que se detectó el error del número de la calle donde ubica la propiedad. De igual forma, aunque los Querellantes no presentaron prueba sobre su alegación de que el Querellado les indicó que ellos debían asumir el costo de la corrección en el Pagaré, la corrección de tal error **no era y nunca sería responsabilidad de[l] deudor hipotecario.**

Ahora bien, desde nuestra perspectiva no entendemos cómo es que los Querellantes presentan los remedios solicitados a esta agencia por el error contenido en el Pagaré (el cual es un instrumento negociable) y que quien depende de su legalidad o exactitud es el acreedor hipotecario, en este caso el Querellado. Aunque lo[s] Querellantes tienen todo el derecho de hacer su reclamo en el foro con jurisdicción para impugnar el contrato de hipoteca (el Tribunal) no podemos comprender como les afecta dicho error al punto de solicitar que no se reconozca el negocio jurídico. Como cuestión de hecho si existiera un problema con la escritura de hipoteca (que es la que va al Registro) la consecuencia de esto es que el **Querellado** pierde la garantía hipotecaria **pero la obligación del préstamo continúa siendo exigible legalmente**.

En vista de lo antes mencionado, la Oficina decreta la desestimación de la querella de epígrafe conforme a la Sección 2.19 del Reglamento Núm. 9551...

Inconforme con lo determinado, la parte recurrente presentó una *Moción Solicitando Reconsideración* en la que planteó varios argumentos, entre estos, el que nos atañe al recurso. Al respecto, expresó que el banco es quien viene obligado a informar al Departamento de Hacienda la Forma 480.7A y no el matrimonio Ortiz Marrero. Entiende que el documento que posee no tiene

legitimidad, ya que el *"Allonge"* carece de una certificación notarial o registral. Reafirmó que le corresponde a FirstBank explicar, al Departamento de Hacienda, las razones de haber sometido por doce (12) años información falsa.

El referido petitorio fue declarado *No Ha Lugar* por la OCIF mediante una Resolución del 16 de septiembre de 2024, notificada al próximo día. En esta, la recurrida reiteró que ninguno de los errores incluidos en la reconsideración señala que aplicó incorrectamente alguna Ley o Reglamento administrado por la agencia. En este sentido, recalcó que:[6]

> En primer lugar, aunque esta Oficina es la llamada en ley a regular la industria financiera, esta facultad o poder no es ilimitado y el mismo está determinado en la ley orgánica que crea la Oficina, la Ley Núm. 4 y la ley especial que le otorga la supervisión de las instituciones que se dedican a la concesión de préstamos hipotecarios, entre lo que se encuentran los Bancos bajo la Ley Núm. 55, del 12 de mayo de 1933, según enmendada conocida como "Ley de Bancos de Puerto Rico", y el Reglamento Núm. 5793 del 12 de mayo de 1988, según enmendado, faculta a las entidades bancarias a otorgar y administrar préstamos hipotecarios.
> **NINGUNO** de los errores señalados indica que la Oficina erró en su determinación desestimando la Querella al no aplicar correctamente alguna Ley o Reglamento de los administrados por la agencia. Los Querellantes presentan una serie de errores en la **aplicación del Código de Rentas Internas**, la Ley del Registro y su Reglamento, las Reglas de Evidencia y asuntos cubiertos por el Código Civil.
> Esta Oficina no puede ni debe atender una controversia donde las disposiciones legales que la regulan, se encuentran en leyes que no han sido delegadas a la agencia por el legislador. Es absurdo solicitarle a esta Oficina intervenga con controversias relacionadas a la Ley que establece y regula el Registro de la Propiedad, a los actos que pudiera cometer un Notario en sus funciones, y **la verificación del Código de Rentas Internas que es administrado por el Departamento de Hacienda**.
>
> ...
>
> Lo anterior, en nada significa que los Querellantes tengan el derecho de llevar sus reclamos en los Foros con jurisdicción para ello, pero tal y como se decidió en la Resolución emitida, su querella conforme fue presentada no era adjudicable por este Foro Administrativo.

---

[6] *Íd.*, a la pág. 96. Énfasis nuestro.

Todavía en desacuerdo, el matrimonio Ortiz-Marrero acude ante esta *Curia* imputándole a la OCIF haber incurrido en el siguiente error:

> ERRÓ LA OCIF AL DICTAR EN SU RESOLUCIÓN QUE SOMOS NOSOTROS LOS QUE TENEMOS QUE IR AL DEPARTAMENTO DE HACIENDA Y VALIDAR LA EVIDENCIA PROVISTA POR EL LCDO. RAFAEL A GONZ[Á]LE[Z] VALIENTE POR CONDUCTO DEL FIRSTBANK [PORQUE] NOS ESTÁ INDUCIENDO A LA AUTOINCRIMNACIÓN.

El 18 de octubre de 2024, emitimos una *Resolución* concediendo a la parte recurrida el término de treinta (30) días para expresarse. El 18 de noviembre siguiente, FirstBank Puerto Rico instó su *Alegato en Oposición*. Asimismo, y luego de la prórroga otorgada, el 25 de noviembre, la OCIF presentó su *Alegato de OCIF en Oposición A Solicitud de Revisión Judicial*. Así, nos damos por cumplidos, y a su vez, decretamos perfeccionado el recurso.

Analizados los escritos de las partes y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

**II.**

**Revisión de las decisiones administrativas**

Es norma reiterada en nuestro ordenamiento que los tribunales apelativos han de conceder gran deferencia a las decisiones de los organismos administrativos, por razón de la experiencia y pericia de las agencias respecto a las facultades que les han sido delegadas. *Batista, Nobbe v. Jta. Directores*, 185 DPR 206 (2012). Nuestro más alto foro ha establecido que las decisiones de las agencias administrativas gozan de una presunción de regularidad y corrección. *González Segarra et al. v. CFSE,* 188 DPR 252 (2013). Por esto, es necesario que aquel que desee impugnar dichas decisiones presente evidencia suficiente que derrote la presunción de validez de la que gozan las mismas y no descanse en meras alegaciones. *Pacheco v. Estancias,* 160 DPR 409 (2003).

Conforme lo ha interpretado nuestro Tribunal Supremo, la revisión judicial de este tipo de decisiones se debe limitar a determinar si la actuación de la agencia fue arbitraria, ilegal, caprichosa o tan irrazonable que constituyó un abuso de discreción. *Mun. de San Juan v. CRIM*, 178 DPR 163 (2010). La revisión judicial de una determinación administrativa se circunscribe a determinar si: (1) el remedio concedido por la agencia fue apropiado; (2) las determinaciones de hechos realizadas por la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo, y (3) las conclusiones de derecho fueron correctas. *Pacheco v. Estancias*, supra, pág. 431.

Por otra parte, aunque el derecho a un debido proceso de ley no tiene la misma rigidez en el ámbito administrativo, la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), Ley 38 de 30 de junio de 2017 (Ley núm. 38-2017), dispone que, al adjudicar formalmente una controversia, las agencias deben salvaguardar a las partes los siguientes derechos: (1) una notificación oportuna de los cargos o querellas o reclamos en contra de una parte; (2) a presentar prueba; (3) a una adjudicación imparcial, y (4) a que la decisión sea una basada en el expediente. Sección 3.1 de la Ley núm. 38-2017; *Hernández v. Secretario*, 164 DPR 390 (2005). La Sección 4.5 de la Ley núm. 38-2017, dispone que las determinaciones de hechos realizadas por una agencia administrativa serán sostenidas por el tribunal revisor si se encuentran respaldadas por evidencia suficiente que surja del expediente administrativo al ser considerado en su totalidad. *Pacheco v. Estancias*, supra, pág. 432. De modo, que la parte afectada deberá reducir el valor de la evidencia impugnada o demostrar la existencia de otra prueba que sostenga que la actuación del ente administrativo no estuvo basada en evidencia sustancial. *Otero v. Toyota*, 163 DPR 716, 728 (2005). En

consecuencia, nuestra función se circunscribe a considerar si la determinación de la agencia es razonable, ya que se persigue evitar que el tribunal revisor sustituya el criterio de la agencia por el suyo. *Íd.*

Por otro lado, las conclusiones de derecho son revisables en toda su extensión. Sección 4.5 de la Ley núm. 38-2017. Sin embargo, ello "no implica que los tribunales revisores tienen la libertad absoluta de descartar libremente las conclusiones e interpretaciones de la agencia." *Otero v. Toyota,* supra, pág. 729. Cuando un tribunal llega a un resultado distinto, este debe determinar si la divergencia es a consecuencia de un ejercicio razonable y fundamentado de la discreción administrativa, ya sea por la pericia, por consideraciones de política pública o en la apreciación de la prueba. *Íd.*

En conclusión, el tribunal solo podrá sustituir el criterio de la agencia por el propio cuando no pueda encontrar una base racional para explicar la determinación administrativa. *Hernández Álvarez v. Centro Unido,* 168 DPR 592 (2006).

**Oficina del Comisionado de Instituciones Financieras (OCIF)**

La OCIF fue creada con el fin primordial de proteger a los clientes, acreedores o accionistas de actuaciones ilegales y fraudulentas. La Ley núm. 4 de 11 de octubre de 1985, conocida como *Ley de la Oficina del Comisionado de Instituciones Financieras,* según enmendada, 7 LPRA sec. 2001 *et seq.* (Ley núm. 4), le confiere a la OCIF, entre otras prerrogativas, la responsabilidad primordial de **fiscalizar y supervisar las instituciones financieras** que operan en Puerto Rico. Artículo 3 de la Ley núm. 4, 7 LPRA sec. 2003. También faculta al Comisionado para **atender, investigar, resolver querellas e imponer multas administrativas** por violaciones a las leyes que administra o a las reglas, reglamentos u órdenes emitidas o aprobadas por el Artículo

10 de la Ley núm. 4, 7 LPRA sec. 2010. Igualmente deberá realizar todos aquellos actos necesarios para el logro eficaz de los propósitos de su ley orgánica. 7 LPRA sec. 2010(8).

En lo referente al asunto ante nuestra consideración resulta importante señalar que, en el ámbito administrativo, al igual que en el foro judicial, no existe discreción para asumir jurisdicción donde no la hay. *Raimundi v. Productora,* 162 DPR 215, 224 (2004). Como es conocido, en nuestro ordenamiento jurídico, una agencia administrativa únicamente tiene los poderes otorgados expresamente por su ley habilitadora y aquellos que sean indispensables para llevar a cabo sus deberes y responsabilidades. *Íd.* La ley habilitadora es el mecanismo legal mediante el cual se autoriza y se delega a la agencia administrativa los poderes necesarios para que actúe conforme al propósito perseguido por el legislador al crearla. *Caribe Comms., Inc. v. P.R.T.Co.,* 157 DPR 203, 211 (2002). Es decir, mediante esta ley se define y delimita la extensión de la jurisdicción del organismo administrativo. *Perfect Cleaning v. Cardiovascular,* 162 DPR 745, 758 (2004).

De otra parte, la ley orgánica de la agencia, así como toda otra ley, debe ser interpretada tomando siempre en cuenta la intención legislativa, atribuyéndole un sentido que asegure el resultado pretendido por el legislador. *Vázquez v. A.R.P.E.,* 128 DPR 513, 523 (1991). En este ejercicio, los tribunales debemos evitar interpretaciones que puedan conducir a resultados irrazonables o absurdos. *Depto. de Hacienda v. Telefónica,* 164 DPR 195, 204 (2005). Esto, debido a que las leyes deben ser interpretadas con miras a lograr resultados sensatos, lógicos y razonables, que representen y salvaguarden la efectividad de la intención legislativa. *Íd.*

Por último, puntualizamos que cualquier ciudadano puede presentar una querella ante la OCIF para vindicar sus derechos,

concedidos por las leyes que esta oficina administra. Artículo 13 de la Ley núm. 4, 7 LPRA sec. 2013. Toda querella deberá estar realizada a las instituciones financieras que operen o hagan negocios en Puerto Rico. La OCIF debe evaluar todo planteamiento traído ante su consideración por un querellante y determinar si está facultado para atenderlo. Además, "[e]l tribunal revisará las resoluciones u órdenes del Comisionado, tomando como base el expediente administrativo sometido, sólo en cuanto a las conclusiones de derecho. Las determinaciones de hechos del Comisionado serán concluyentes para el tribunal, si estuvieren sostenidas por evidencia sustancial." Artículo 15 de la Ley núm. 4, 7 LPRA sec. 2015.

### III.

En esencia, la parte recurrente solo señaló que erró la OCIF al determinar que les corresponde validar, ante el Departamento de Hacienda, la evidencia provista por el notario por conducto de FirstBank (*"Allonge"*), para que dicha agencia proceda según su reglamentación. Al respecto, discute que es responsabilidad de la institución financiera y no del contribuyente proveer la información oficial en la Forma 480.7A, según dispone el Código de Rentas Internas de Puerto Rico y la normativa fiscal relacionada con este documento. Por lo que, esta entiende que es el banco quien tiene que proporcionar la información correcta en el mismo o incluso enmendarlo. Adelantamos, que no les asiste la razón.

Respecto al error alegado, recordemos que la OCIF, en la *Resolución* recurrida, dictaminó que:

> En cuanto al argumento de información falsa sometida por el Querellado **le corresponde a los Querellantes validar con la evidencia provista** por el Lcdo. Rafael A. González Valiente **con el Departamento de Hacienda y con las compañías de seguro** para que se hagan las anotaciones y/o enmiendas que apliquen. [Énfasis nuestro]

Además, en la denegatoria a la reconsideración instada por la parte recurrente claramente dispuso que:

> Esta Oficina no puede ni debe atender una controversia donde las disposiciones legales que la regulan, se encuentran en leyes que no han sido delegadas a la agencia por el legislador. Es absurdo solicitarle a esta Oficina intervenga con controversias relacionadas a la Ley que establece y regula el Registro de la Propiedad, a los actos que pudiera cometer un Notario en sus funciones, y **la verificación del Código de Rentas Internas que es administrado por el Departamento de Hacienda**. [Énfasis nuestro]

Analizadas dichas expresiones, no encontramos que dicho raciocinio esté incorrecto en derecho. La OCIF no tiene la facultad o poder para hacer valer la reglamentación que promulga e implementa el Departamento de Hacienda. Es decir, cualquier violación a la normativa interna que regula la forma y manera, así como la información que debe contener o complementar la Forma 480.7A intitulada *Declaración Informativa-Intereses Hipotecarios*, es **un asunto que le compete dirimir al Departamento de Hacienda** mediante los procesos administrativos establecidos para ello. En este sentido, no cabe duda de que le corresponde a esta agencia emitir un dictamen, respecto a si la información provista por FirstBank cumple con las disposiciones que regulan este asunto; así como cuál es el mecanismo para corregir o enmendar la Forma 480.7A, de esto proceder, y el alcance, si alguno, de este error.

Asimismo, la ley habilitadora de la OCIF no autoriza ni le delega poder alguno sobre el Departamento de Hacienda. Reiteramos que la extensión de la jurisdicción de la OCIF está delimitada por su ley orgánica.

De otra parte, la parte recurrente hace referencia al *Reglamento para Implantar las Disposiciones de las Secciones 1024, 1026, 1027, 1028, 1121, 1149, 1153, 1155, 1157 y 1159 del Código de Rentas Internas*, Reglamento Núm. 6091 del 7 de febrero de 2000. Este reglamento fue **promulgado por el Departamento de Hacienda, y no por la OCIF**. Así también, esta cita preceptos de la

Ley núm. 1-2011 conocida como *Código de Rentas Internas para un Nuevo Puerto Rico* o también como el *Código de Rentas Internas de Puerto Rico de 2011*, 13 LPRA sec. 30011 *et seq*. Esta ley es la que gobierna todos los asuntos contributivos **administrados exclusivamente** por el Departamento de Hacienda **y no por la OCIF**. A manera ilustrativa, destacamos que mediante esta ley se creó la *Oficina de Protección de los Derechos del Contribuyente*, la cual tiene como responsabilidad atender los problemas y reclamos del contribuyente. Sección 1001.02 Ley núm. 1-2011, 13 LPRA sec. 30022.

Como corolario de lo anterior, señalamos que el Departamento de Hacienda estableció el *Reglamento de Procedimiento Adjudicativo ante el Departamento de Hacienda*, Reglamento Núm. 9505 del 25 de septiembre de 2023. Conforme el Artículo 3 de este cuerpo de normas, "[e]l propósito de este Reglamento es establecer las normas que regirán los procedimientos de adjudicación formal de controversias, querellas, peticiones o reclamaciones en el Departamento de Hacienda, así como proveer una solución justa, rápida y económica, de conformidad con las disposiciones de la Ley núm. 38-2017, en los casos en la Ley 1-2011, según enmendada, conocida como el Código de Rentas Internas para un Nuevo Puerto Rico, ley especial que cubre la materia, no dispone expresamente el derecho a presentar demanda en el Tribunal de Primera Instancia para cuestionar una determinación adversa del Secretario mediante juicio en sus méritos o "*juicio de novo*".

En resumen, las disposiciones legales que invoca la parte recurrente no son aplicables a la OCIF. Esta tiene disponibles dichos mecanismos ante el Departamento de Hacienda. Como expusimos en el derecho precedente, una agencia administrativa únicamente tiene los poderes otorgados expresamente por su ley habilitadora y

aquellos que sean indispensables para llevar a cabo sus deberes y responsabilidades.

Por último, la parte recurrente arguye que la OCIF los está induciendo a la autoincriminación al determinar que debe acudir al Departamento de Hacienda y activar los mecanismos que esta agencia provee. Sin embargo, en el presente recurso no se especifica qué otra información incluida en la Forma 480.7A, excepto el número de la calle, es incorrecta o falsa. Tampoco se ha establecido que el error en la identificación de la calle le impidió o afectó su deber de presentar ante el Departamento de Hacienda las planillas de contribución sobre ingresos, ni mucho menos, que le haya impedido reclamar la correspondiente deducción por intereses hipotecarios. Más bien, solo plantea, sin detalle alguno, que esta incorrección la indujo a cometer un delito. Por tanto, este asunto no amerita mayor discusión.

En lo pertinente al asunto aquí en controversia, apuntalamos que la OCIF resolvió correctamente en derecho. Su ley habilitadora no le confiere jurisdicción sobre el Departamento de Hacienda. En conclusión, el error imputado no fue cometido.

**IV.**

Por los fundamentos antes expuestos, procedemos a confirmar la *Resolución* recurrida.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones