ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| LIZA MÁRQUEZ SOIZA<br><br>Parte Recurrente<br><br><br>V.<br><br><br><br>DEPARTAMENTO DE DESARROLLO ECONÓMICO Y COMERCIO<br><br>Parte Recurrida | TA2025RA00309 | Revisión Judicial procedente de la Oficina de Gerencia de Permisos del Departamento de Desarrollo Económico y Comercio<br><br>Caso Número: 2025-634263-SDR-302590<br><br>Sobre: Solicitud de Revisión de Decisión Administrativa |
| --- | --- | --- |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Salgado Schwarz y la Juez Aldebol Mora.

Salgado Schwarz, Carlos G., Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico a 17 de diciembre de 2025.

Comparece ante nos Liza Márquez Soiza (en adelante "Márquez Soiza" o "recurrente") y nos solicita que revisemos una *Resolución* emitida el 22 de septiembre de 2025, notificada el día siguiente, por la Oficina de Gerencia de Permisos (en adelante "OGPe" o "recurrida") mediante la cual declaró *No Ha Lugar* la solicitud de revisión administrativa número 2025-634263-SDR-302590. En su consecuencia, sostuvo la determinación de la OGPe en cuanto a la emisión del permiso de construcción número 2025-613218-PCOC-312066 a favor de Rocío del Mar Alemán Di Cristina (en adelante "Alemán Di Cristina").

Por los fundamentos que exponemos a continuación, se **confirma** el dictamen recurrido.

**-I-**

El 9 de septiembre de 2024 Márquez Soiza presentó una *Formulario de Querellas*[1] ante la Oficina de Planificación y Ordenación Territorial en la que alegó que Juan Alemán, dueño de la propiedad colindante a la suya y del negocio Sorisso, estaba haciendo movimientos de tierra en ambas propiedades, por lo que solicitó los permisos requeridos por ley para hacer dichos movimientos.

El día siguiente, presentó una *Querella*[2], ante el Tribunal de Primera Instancia, en la que sostuvo que Alemán Di Cristina compró una propiedad, negocio clasificado como Comercial Intermedio (C-I), y realizó movimiento de terreno sin tener los permisos correspondientes. Sostuvo que Juan Alemán, padre de Alemán Di Cristina, compró una vivienda, ubicada detrás del negocio, y realizó movimiento de terreno con equipo pesado para colocar un estacionamiento, sin tener los permisos correspondientes. Arguyó que su residencia está ubicada al lado de la vivienda comprada por Juan Alemán, y que se está afectando la entrada vecinal, la seguridad de los residentes, la carretera y las áreas verdes.

El mismo día, 10 de septiembre de 2024, Márquez Soiza completó un *Registro de Querella*[3] ante el Departamento de Recursos Naturales y Ambientales ("DRNA"), Cuerpo de Vigilantes, y alegó movimiento de tierra y corte de arboles sin permiso, en contra del negocio Sorriso.

---

[1] Pág. 1 del Apéndice Núm. 3 de la Entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA).
[2] Pág. 2 del Apéndice Núm. 3 de la Entrada Núm. 1 del SUMAC TA.
[3] Pág. 3 del Apéndice Núm. 3 de la Entrada Núm. 1 del SUMAC TA.

El 19 de septiembre de 2024, Márquez Soiza completó otro *Registro de Querellas*[4], ante el DRNA, Cuerpo de Vigilantes, en la que hizo las mismas alegaciones.

El 27 de septiembre de 2024, el DRNA completó un *Informe de Trabajo*[5] en el que informó que la situación de la segunda querella fue atendida, investigada e intervenida. Sostuvo que se solicitó evaluación técnica para la misma.

El 9 de enero de 2025, la Junta de Planificación de Puerto Rico emitió una *Notificación de Hallazgo(s) y Orden de Mostrar Causa*[6] en la que, luego de realizar una inspección ocular, el inspector realizó los siguientes hallazgos:

1. (1.) Construcción para extensión del área del restaurante 60' x 20' pies aproximadamente en el patio lateral derecho y patio trasero.

   (2.) Se observó que no cuenta con la distancia en el patio lateral derecho y patio posterior.

2. (1.) Movimientos de terrenos en patio posterior de la propiedad equivale a un área aproximada de 424.75 metro cúbicos.

Concluyó que Alemán Di Cristina violentó las disposiciones del Art. 9.12 de la Ley Núm. 161-2009, *infra*, y las Reglas 1.6.7 y 3.7.1 del Reglamento Núm. 9473 del 16 de junio de 2023, conocido como el *Reglamento Conjunto para la Evaluación y Expedición de Permisos Relacionados al Desarrollo, Uso de Terrenos y Operación de Negocios* (Reglamento Conjunto). Le concedió a Alemán Di Cristina un término de veinte (20) días para mostrar causa por la cual la Junta no

---

[4] Pág. 5 del Apéndice Núm. 3 de la Entrada Núm. 1 del SUMAC TA.
[5] Pág. 6 del Apéndice Núm. 3 de la Entrada Núm. 1 del SUMAC TA.
[6] Pág. 8 del Apéndice Núm. 3 de la Entrada Núm. 1 del SUMAC TA.

deba imponerle una multa, emitir una orden de cesa y desista, acudir al Tribunal de Primera Instancia en solicitud de una Orden Judicial para ordenar la demolición de las obras ilegalmente construidas y ordenar la imposición de honorarios y costas de abogados.

El 13 de enero de 2025, Márquez Soiza completó otro *Formulario de Querellas*[7] ante la Oficina de Planificación y Ordenación Territorial en la que alegó que Juan Alemán colocó gravilla en un camino municipal sin permiso, lo cual dificulta el subir y bajar por el camino.

El 6 de mayo de 2025, la Oficina de Gerencia de Permisos (OGPe) expidió un *Permiso de Construcción*[8] a favor de Alemán Di Cristina para la ampliación del local comercial.

En desacuerdo, Márquez Soiza presentó una *Solicitud de Revisión*[9] a través del "Single Business Portal" en la que alegó que se sometió una solicitud de intervención a su favor y que luego el permiso de construcción fue aprobado.

Luego de varios trámites procesales, la OGPe emitió una *Resolución de Revisión Administrativa*[10] el 22 de septiembre de 2025, notificada el día siguiente. En la referida *Resolución*, se realizaron las siguientes Determinaciones de Hecho:

1. El 27 de enero de 2025, Rocío del Mar Alemán Di Cristina, por conducto del Ing. Héctor M. Tirado, presentó una solicitud de permiso de construcción ante la OGPe, bajo el trámite 2025-613218-PCOC-312066.

---

[7] Pág. 15 del Apéndice Núm. 3 de la Entrada Núm. 1 del SUMAC TA.
[8] Pág. 19 del Apéndice Núm. 3 de la Entrada Núm. 1 del SUMAC TA.
[9] Apéndice Núm. 4 de la Entrada Núm. 1 del SUMAC TA.
[10] Apéndice Núm. 2 de la Entrada Núm. 1 del SUMAC TA.

2. El proyecto ubica en la Carr. 184 Km. 9.1 Bo. La Gloria en el Municipio de Trujillo Alto.

3. El proyecto se encuentra en un distrito calificado como Comercial Intermedio (C-I) (99%) y Rural General (R-G) (1%), según el Plan de Uso de Terrenos de Puerto Rico, vigente del 2015.

4. En el Memorial Explicativo que obra en el expediente del caso número 2023-482927-CCO-012316, se indicó en parte lo siguiente:

   *[…]*

   *Este caso trata de la legalización de la remodelación a Pizzería Restaurant Sorriso Sport Bar propiedad de la Sra. Rocio del Mar Aleman Di Cristina sita en Carr. 181, KM 9.1, Bo. La Gloria, Trujillo Alto, PR. Para el caso presentado deseamos expresar lo siguiente:*

   *[…]*

   *6) El local comercial existente ocupa un área de aprox. 4,080 pies cuadrados el mismo es utilizado como barra, Pizzeria, billares, restaurant. Al mismo se le hizo una remodelación la cual consiste en una ampliación hacia patio lateral izquierdo la cual ocupa un área de aprox. 720 pies cuadrados. La misma sera utilizada para colocar un horno para hornear Pizzas y almacén.*

   *[…]*

5. El 28 de marzo de 2025, la parte Recurrente solicitó intervención a la solicitud de permiso de construcción consolidado 202-613218-PCOC-312066, bajo el trámite 2025-SIN-300502. Del memorial explicativo se desprende lo siguiente:

   *Se solicita la intervención para caso 2025-613218-PCOC-312066 Propietaria Negocio Sorriso la señora Rocio del Mar Alemán Ortiz Di Cristina.*

   *Desde septiembre de 2024 la señora Alemán ha estado realizando poda de árboles y extracción de corteza terrestre y realizo construcción sin los permisos requeridos por Ley, al día de hoy 28 de marzo de 2025 continua con la extracción de corteza terrestre, a pesar de tener un cesa y desista de la Junta de Planificación de PR (OGPe) número de querella 2024-SRG-303704. Actualmente está solicitando permisos de construcción para colocar 15 estacionamientos detrás del Negocio*

*Sorriso cuando la zonificación donde quiere colocar los estacionamientos es Residencial General (R-G). La señora Aleman no está evidenciando con fotos como era el lugar al inicio cuando compro la propiedad. Radique una querella en la Junta de Planificación de PR el día 16 de septiembre de 2024 número 2024-SRG-303704 fue evaluada en 20 de septiembre por Javier Otero Benitez Agente, los hallazgos multa de $4,353.00 que no ha pagado, construcción sin los permisos movimiento de terreno, el cual no es una extracción simple como estoy presentando con evidencia de de las fotos.[sic] Tiene una cesa y desista, la cual hizo caso omiso y continúa realizando extracción de corteza terrestre como presento evidencia con fotos. Le falta presentar el permiso de PFO permiso de forma extracción material corteza terrestre PEX, PARA RDM, REA, DIA, CSA, PST, permiso de suelo y terreno. Los danos [sic] causado al suelo a la corteza terrestre son irreparable, cuando llueve, la lluvia está haciendo un canal de agua que se dirige al camino Municipal para llegar a mi residencia. En lo personal me está causando angustias y frustración al ver que las Agencias no realizan o aplican las leyes y le facilitan los permisos a base de mentiras por parte de la señora Rocio Aleman, además de radicarme una orden de asecho contra mi persona con falsas imputaciones. Espero que no le den los permisos por mentir y no decir la verdad de los permisos que está solicitando, que haga la demolición del lugar donde hizo la construcción por no tener los permisos de ley y pueda emendar los danos al suelo. [sic]*

*Liza Marquez Soiza*
*Teléfono (787) 223-6596*
*Email/lizamarquezonline@gamil.com* [sic]

6. Del área de Información del Solicitante en el expediente digital del caso 2025-SIN-300502, se desprende que la señora Marquez Soiza indicó que su correo electrónico era lizamarquezonline@gmail.com.

7. El 21 de abril de 2025, la OGPe emitió la *Resolución sobre Solicitud de Intervención* para el caso 2025-SIN-300502 en la que indicó lo siguiente:
   […]
   **ACUERDO**

*El solicitante demostró ser parte con interés en el proceso que se sigue en la solicitud 2025-613218-PCOC-312066 que se lleva a cabo ante la OGPe. Por tal razón se declara* **HA LUGAR** *la solicitud para ser interventores en el caso 2025-613218-PCOC-312066.*

*Se aclara que esta solicitud convierte en interventor únicamente al solicitante en su carácter individual. Toda persona natural o jurídica que desee que se le incluya como interventor deberá presentar la correspondiente solicitud a esos fines.*
*[…]*
***NOTÍFIQUESE:***

- *Hector Tirado – hector4370@outlook.com*
- *Liza A. Marquez Soiza – lizamarquezonline@gmail.com*

*[…]*

8. El 6 de mayo de 2025, la OGPe emitió el *Permiso de Construcción* número 2025-613218-PCOC-312066, a favor de Rocío del Mar Alemán Di Cristina.

9. Según se desprende del expediente digital del caso 2025-613218-PCOC-312066, el 6 de mayo de 2025, la Sra. Damaris Salcedo Peña, Oficial Administrativo Senior de la OGPe notificó el *Permiso de Construcción* número 2025-613218-PCOC-312066 a la Sra. Liza A. Márquez Soiza, quien es la Interventora del caso y parte Recurrente, al correo electrónico lizamarquezonline@gmail.com.

10. Inconforme con la determinación de la OGPe, el 23 de mayo de 2025, la parte Recurrente presentó una *Solicitud de Revisión Administrativa*, en la que alegó lo siguiente:

*[…]*

*En día 19 de septiembre de 2024 se radico querella en OGPe para la seora [sic] Rocio del Mar Alemán Di Cristina propietaria del Negocio Sorriso Sport Bar con número de catastro 142-012-315-98, el numero de la querella de OGPe es 2024-SRQ-303704, la querella es por poda de árboles, remoción corteza terrestre, construcción y por no tener los permisos de ley que se requieren. Esta querella está pendiente a ser evaluada.*
*[…]*

*[…]*

*El día 26 de marzo de 2025 radique una intervención con numero 2025-SIN-300502, para que número de permiso caso 2025-613218-*

*PCOC-312066 a nombre de Rocio del Mar Alemán Di Cristina para el Negocio Sorriso Sport Bar, el cual le otorgaron el permiso de construcción el día 6 de mayo de 2025 y no me notificaron por escrito o por email. Solicito a los empleados que evaluaron la intervención a Damaris Salcedo, David Jordan y Joan Cruz me puedan decir los criterios para otorgar este permiso. El permiso de construcción, necesita el PTC permiso de Corteza Terrestre y no esta presentado.*

*Hable con Aldrin Rodriguez Laureano de la Junta de Planificación me indico que ese permiso de PTC está pendiente a ser evaluado. (Adjunto copia del email que me envió el señor Aldrin Rodriguez)*

*Actualmente el camino por donde paso para llegar a mi residencia está afectado porque el señor Juan Alemán Ortiz y la señora Roció [sic] del Mar Di Cristini [sic] decidieron realizar movimientos de corteza terrestre y poda de árboles desde agosto de 2024 hasta marzo de 2025, sin los permisos requeridos por ley. La maquinaria pesada utilizada como tumbas, excavadoras entre otras afectaron la carretera del camino sin tener conocimientos de las consecuencias, consecuencias que afectaron el único camino que hay para llegar a 5 residencias, incluyendo mi residencia. Debido a recientes lluvias del mes de mayo de 2025 han afectado aún más este camino que es de una sola vía. (Adjunto fotos del camino)*

*Estoy realizando otra querella de SDR Solicitud Revisión Administrativa, la cual es vital e importante.*

*Es meritorio evaluar estas querellas nuevamente, realice las querellas, pero las respuestas de estas tienen incongruencias en el proceso.*

*[…]*

11.   La solicitud de revisión administrativa fue acogida por la Juez Administrativa Alterna mediante *Notificación Acogiendo Solicitud de Revisión Administrativa* emitida el 2 de junio de 2025.

12.   El 1 de agosto de 2025, el Juez Administrativo emitió *Aviso de Vista de Revisión*, señalando vista para el 19 de agosto de 2025, a la 1:30 pm.

13.   El 19 de agosto de 2025, se llevó a cabo la vista de revisión administrativa

para el caso 2025-634263-SDR-302590. La misma, [sic] fue presidida por el Lcdo. Efraín E. Del Valle Rosario, como Oficial Examinador. A la vista de revisión administrativa compareció la Sra. Liza Marquez Soiza, quien es la parte Recurrente. Asimismo, compareció la Lcda. Alma H. Acevedo Ojeda, en representación de la OGPe, quien es la parte Recurrida. Por otro lado. Compareció la parte Concesionaria, la Sra. Rocío del Mar Alemán Di Cristina, quien es la propietaria de la *Pizzeria Restaurant Sorriso Sport Bar*. Asimismo, compareció el Ing. Héctor M. Tirado, ingeniero proyectista.

14.     Durante su turno, la parte Recurrente declaró sobre las diversas querellas que había radicado ante la OGPe debido a que alegaba que la parte Concesionaria había extraído corteza terrestre antes de contar con los permisos pertinentes. Por otro lado, alegó que la solicitud del permiso de construcción no era una remodelación, pues no se trataba de una estructura existente. A su vez, alegó que la parte Concesionaria interesa construir un estacionamiento, y que esto afecta a la comunidad. Sobre el estacionamiento, añadió que el mismo ubicaría en la residencia del padre de la parte Concesionaria. A preguntas de la Lcda. Acevedo Ojeda, la parte Recurrente se sostuvo que las querellas las había realizado acudiendo a la OGPe, en donde la asistieron a presentar la misma. A su vez, expresó que el permiso aprobado no se trata de la legalización de una remodelaciones pues no era una estructura existente porque desde septiembre de 2024, la parte Concesionaria estuvo extrayendo corteza terrestre para realizar una ampliación nueva al negocio. Por otro lado, aceptó que su correo electrónico es *lizamarquezonline@gmail.com* y que, en el mes de mayo de 2025 recibió el *Permiso de Construcción* número 2025-613218-PCOC-312066. Por otro lado, la parte Recurrente alegó que el Ing. Tirado no podía certificar el suelo porque en la documentación que proveyó como parte del permiso de construcción no explicó la composición del suelo y no hizo ninguna valuación o análisis. Luego, a preguntas de la parte Recurrida, la señora Marquez Soiza admitió que no era ingeniera, arquitecta ni técnico de la OGPe. Sobre el área de estacionamiento, la parte Recurrente indicó que hay clientes del negocio que se estacionan en la residencia colindante, que es propiedad del padre de la parte Concesionaria. A preguntas de la parte Recurrida, esta indicó que desconoce si se

ha solicitado algún permiso relacionado al uso de dicha residencia como estacionamiento. Por otro lado, el Oficial Examinador le solicitó a la parte Recurrente aclaración en cuanto a la notificación del *Permiso de Construcción* número 2025-613218-PCOC-312066. Sobre ello, la parte Recurrente indicó que el 21 de abril de 2025 recibió la *Resolución sobre Solicitud de Intervención* para el caso 2025-SIN-300502 declarándola *Ha Lugar*. Posteriormente, el 6 de mayo de 2025 recibió copia del *Permiso de Construcción* número 2025-613218-PCOC-312066. Ambas resoluciones fueron recibidas a través de su correo electrónico *lizamarquezonline@gmail.com*.

15. En su turno, la parte Recurrida, representada por la Lcda. Acevedo Ojeda expresó que no presentaría prueba documental ni testifical en cuanto al recurso de revisión administrativa.

16. Por su parte, la parte Concesionaria indicó que contrató los servicios del Ing. Héctor Tirado para realizar los trámites de renovación de la propiedad objeto del *Permiso de Construcción* número 2025-613218-PCOC-312066. Sobre el estacionamiento en la residencia colindante, expresó que los clientes no utilizan dicha área para estacionarse, sino que ellos mismos lo usan. Posteriormente presentó al Ing. Tirado como testigo.

Durante su declaración, el Ing. Tirado expresó que el proyecto propuesto en el *Permiso de Construcción* número 2025-613218-PCOC-312066 trataba sobre la legalización de una ampliación para la *Pizzeria Restaurant Sorriso Sport Bar*, realizada dentro del solar objeto del referido permiso. Por otro lado, expresó que no hubo ningún movimiento de tierra. Ahora bien, según el testigo, hubo un movimiento de tierra en la residencia del padre de la parte Concesionaria, la cual tiene un número de catastro ajeno al de la propiedad objeto del *Permiso de Construcción* número 2025-613218-PCOC-312066. Por otro lado, la parte Recurrente le cuestionó sobre si un muro de contención pertenece al terreno objeto del *Permiso de Construcción* número 2025-613218-PCOC-312066 o a la residencia colindante. Ante ello, el testigo sostuvo que el proyecto se trataba de un caso de ampliación en un solar calificado comercial en el cual no se hizo movimiento de terreno.

17. El 5 de septiembre de 2025 el Oficial Examinador presentó su informe con Determinaciones de Hecho, Conclusiones de Derecho y su recomendación.

La OGPe concluyó que es la Junta de Planificación el foro con jurisdicción para atender las querellas realizadas por cualquier persona natural en el cual se señale ausencia de permisos, no la División de Revisiones Administrativas. En cuanto a la alegación por parte de Márquez Soiza de la falta de notificación del *Permiso de Construcción* número 2025-613218-PCOC-312066, concluyó que esta presentó alegaciones falsas para señalar un error que no fue cometido por la OGPe, ya que esta cumplió con la notificación. Además, concluyó que la presunción de corrección que permea en la determinación de la OGPe no fue rebatida por parte de Márquez Soiza, por lo que no se justifica revocar la determinación de la OGPe. Finalmente, concluyó que Márquez Soiza no presentó prueba que demuestre que el permiso fue erróneamente expedido, o sea, Márquez Soiza no puso a la División de Revisión Administrativa en posición para concluir lo contrario. En fin, el Juez Administrativo determinó **NO HA LUGAR** la solicitud de revisión administrativa 2025-634263-SDR-302590.

Inconforme, el 23 de octubre de 2025, la recurrente acudió ante nos mediante un *Recurso de Revisión Administrativa*[11] y alegó que la OGPe incurrió en error de derecho al validar un permiso emitido, mientras existían procesos administrativos pendientes de adjudicación y que la *Resolución* omitió considerar las querellas y determinaciones previas emitidas por

---

[11] Entrada Núm. 1 del SUMAC TA.

Agencias, las cuales evidencian la existencia de violaciones reglamentarias y ambientales previas a la concesión del permiso.

Con la comparecencia de las partes, procedemos a resolver la controversia ante nuestra consideración.

-II-

A. Revisión Judicial de Decisiones Administrativas

En nuestro ordenamiento, la revisión judicial de decisiones administrativas tiene como fin primordial limitar la discreción de las agencias y asegurar que estas desempeñen sus funciones conforme a la ley.[12] Esta doctrina dispone que corresponde a los tribunales examinar si las decisiones de las agencias administrativas fueron tomadas dentro de los poderes delegados y si son compatibles con la política pública que las origina.[13] Por lo general, el ejercicio de revisión judicial de una decisión administrativa suele ceñirse a tres áreas: (1) la concesión del remedio apropiado; (2) la revisión de las determinaciones de hechos conforme al criterio de evidencia sustancial; y (3) la revisión completa y absoluta de las conclusiones de derecho.[14]

Ahora bien, dentro de este marco, los tribunales apelativos deben concederle gran deferencia a las decisiones emitidas por las agencias, debido a la vasta experiencia y conocimiento especializado que estas tienen en los asuntos que se les han sido encomendados.[15] De esta manera, estas determinaciones

---

[12] *García Reyes v. Cruz Auto Corp.*, 173 DPR 870, 891-892 (2008).
[13] *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018).
[14] *Asoc. Fcias. v. Caribe Specialty et al. II*, 179 DPR 923, 940 (2010).
[15] *Rolón Martínez v. Supte. Policía*, *supra*, pág. 35; *Asoc. Fcias. v. Caribe Specialty et al. II.*, *supra*, pág. 940.

son amparadas por una presunción de legalidad y corrección, la cual los tribunales deben respetar mientras la parte que las impugna no presente evidencia suficiente para derrotarlas.[16] A la luz de lo anterior, los tribunales deben ser cautelosos al intervenir con las conclusiones e interpretaciones de los organismos administrativos especializados.[17]

Ahora bien, la deferencia reconocida a las decisiones de las agencias administrativas cede en algunas situaciones, tales como: (1) cuando la decisión no esté basada en evidencia sustancial; (2) cuando la agencia haya errado en la aplicación de la ley; (3) cuando su actuación resulte ser arbitraria, irrazonable o ilegal; y (4) cuando la actuación administrativa lesiona derechos constitucionales fundamentales.[18]

Entretanto, la Ley Núm. 38 de 30 de junio de 2017, conocida como la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (Ley Núm. 38-2017)[19] recoge el alcance de la revisión judicial en su Sección 4.5, al establecer que:

> El tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.
>
> Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.
>
> Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal.[20]

---

[16] *Rolón Martínez v. Supte. Policía*, *supra*, pág. 35, citando a *Torres Rivera v. Policía de PR*, 196 DPR 606, 626 (2016).
[17] *García Reyes v. Cruz Auto Corp.*, *supra*, pág. 892.
[18] *The Sembler Co. v. Mun. de Carolina*, 185 DPR 800, 822 (2012), citando a *Empresas Ferrer v. ARPE*, 172 DPR 254, 264 (2007).
[19] 3 LPRA secs. 9603-9713.
[20] 3 LPRA sec. 9675.

Como es de notar, tanto la Ley Núm. 38-2017, como la jurisprudencia, sostienen que el estándar para evaluar las determinaciones de hechos es uno de evidencia sustancial. Así lo ha reiterado nuestro Tribunal Supremo al explicar que los tribunales, aplicando el criterio de razonabilidad y deferencia, no alterarán las determinaciones de hechos de las agencias, siempre que surja del expediente evidencia sustancial que las sustente.[21] En este contexto, evidencia sustancial es aquella prueba relevante que "una mente razonable podría aceptar como adecuada para sostener una conclusión".[22]

Similarmente, nuestro Tribunal Supremo ha reiterado que estas determinaciones deben respetarse mientras quien las impugne no produzca evidencia suficiente para derrotarlas.[23] Es decir, al impugnarse, la parte tiene el deber insoslayable de presentar ante el foro judicial la evidencia necesaria que permita descartar la referida presunción de corrección.[24] Esto implica que se debe demostrar que existe otra prueba, que obre en el expediente, y que reduzca o menoscabe el valor probatorio de la evidencia impugnada hasta el punto que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba ante su consideración.[25] Todavía más, lo anterior significa también que, ante los tribunales, el peso de la prueba descansa sobre la parte que

---

[21] *Asoc. Fcias. v. Caribe Specialty et al. II*, *supra*, pág. 940.
[22] *Capó Cruz v. Junta de Planificación*, 204 DPR 581, 591 (2020), citando a *Rebollo v. Yiyi Motors*, 161 DPR 69, 77 (2004).
[23] *Camacho Torres v. AAFET*, 168 DPR 66, 91 (2006).
[24] *Íd.*
[25] *Íd.*, citando a *Otero v. Toyota*, 163 DPR 716, 728 (2005).

impugna el dictamen.[26]

Por otra parte, conforme lo dispone la propia sección citada de la Ley Núm. 38 y la jurisprudencia, las conclusiones de derecho son revisables en todos sus aspectos.[27] Empero, ello no significa que se podrá descartar libremente las conclusiones e interpretaciones de la agencia para sustituirla por el criterio del tribunal.[28] En ese entonces, el tribunal está llamado a aplicar los criterios anteriores de intervención, especialmente en aquellas situaciones en que no encuentre una base racional que fundamente la actuación administrativa.[29] En virtud de este análisis, cabe recordar que los tribunales solo deben intervenir en las decisiones administrativas cuando concluyan que se ha actuado arbitraria, ilegal o irrazonablemente.[30]

### B. Jurisdicción

Es norma reiterada en nuestro ordenamiento jurídico procesal que los "*tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen.*"[31] La jurisdicción es el poder o autoridad de los tribunales para considerar y decidir casos y controversias.[32] Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a desestimar el recurso -toda vez que cualquier sentencia dictada sin

---

[26] *Íd.*
[27] *Torres Rivera v. Policía de PR*, *supra*, pág. 627.
[28] *García Reyes v. Cruz Auto Corp.*, *supra*, pág. 894.
[29] *Íd.*, pág. 896.
[30] *Rolón Martínez v. Supte. Policía*, *supra*, pág. 36.
[31] *SLG Szendrey-Ramos* v. *F. Castillo*, 169 DPR 873, 882 (2007); *Peerless Oil* v. *Hnos. Torres Pérez*, 186 DPR 239, 250 (2012).
[32] *Allied Mgmt. Group* v. Oriental Bank, 204 DPR 374, 385 (2020); SLG *Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011).

jurisdicción es nula en derecho- pues la ausencia de jurisdicción es insubsanable.[33]

En lo referente al asunto ante nuestra consideración, el Tribunal Supremo ha señalado que "*en el ámbito administrativo, al igual que en el foro judicial, no existe discreción para asumir jurisdicción donde no la hay*".[34] Es decir, "*las agencias administrativas solamente pueden ejercer los poderes que su ley habilitadora expresamente les ha otorgado y lo [sic] que sean indispensables para llevar a cabo su encomienda primordial.*"[35]

A fin de determinar si una agencia administrativa tiene jurisdicción sobre una controversia en particular, es necesario analizar las facultades que se le confirieron en su ley habilitadora, así como aquellos que resultan indispensables para el cumplimiento de sus funciones y deberes.

C. **Ley para la Reforma del proceso de Permisos de Puerto Rico**

La Ley para la Reforma del Proceso de Permisos de Puerto Rico, Ley Núm. 161 de 1 de diciembre de 2099, según enmendada (Ley Núm. 161-2009), en su Artículo 11.1, dispone, en cuanto a la creación y función de la División de Revisiones Administrativas, que esta "tendrá la función de revisar las actuaciones y determinaciones de […] la Oficina de Gerencia de Permisos[…]".[36]

---

[33] *Shell* v. *Srio. Hacienda*, 187 DPR 109, 123 (2012).
[34] *Muñoz Barrientos v. ELA et al.*, 212 DPR 714, 726 (2023), citando a *Raimundi v. Productora* 162 DPR 215, 224 (2004).
[35] *Íd.*, pág. 727, citando a *Col. Médicos et als. v. Com. Seguros et al.*, 201 DPR 362, 372 (2018).
[36] Ley Núm. 161-2009, Art. 11.1, 23 LPRA sec. 9021m.

Ahora bien, la precitada ley establece en su Artículo 14.5(c), referente a la Junta de Planificación, que tendrá, como parte de sus facultades, deberes y funciones "investigar los referidos o querellas de […] cualquier persona natural o jurídica, señalando la ausencia de permisos o el incumplimiento con las disposiciones legales aplicables en el otorgamiento de permisos relacionados a sus áreas de injerencia o en la operación de los permisos otorgados[…]".[37] Además, tendrá la facultad de "adjudicar cualquier querella […] relacionadas a la certificación de planos y documentos por actos en contravención de las leyes y los reglamentos aplicables[…]".[38]

Esbozada la norma jurídica aplicable, procedemos a resolver.

## -III-

La parte recurrente señala como error que la Oficina de Gerencia de Permisos erró en derecho al validar un permiso emitido, mientras existían procesos administrativos pendientes de adjudicación y que la *Resolución* omitió considerar las querellas y determinaciones previas emitidas por Agencias, las cuales evidencian la existencia de violaciones reglamentarias y ambientales previas a la concesión del permiso. Un análisis ponderado del expediente y de la *Resolución* emitida por la OGPe demuestran lo contrario.

Al analizar las conclusiones de derecho que realizó la OGPe, específicamente aquellas relacionadas

---

[37] Ley Núm. 161-2009, Art. 14.5(c), 23 LPRA sec. 9024d.
[38] Ley Núm. 161-2009, Art. 14.5(l), 23 LPRA sec. 9024d.

con el error señalado, se desprende que:

1. La Junta de Planificación es el foro con jurisdicción para atender querellas realizadas por cualquier persona natural en el cual señale ausencia de permisos, según el Artículo 14.5 de la Ley Núm. 161-2009; y

2. La presunción de corrección que permea en la determinación de la OGPe no fue rebatida por la recurrente, por lo que no se justifica revocar la determinación de la OGPe.

En este caso, la recurrente presento múltiples querellas en cuanto a la construcción realizada en las propiedades colindantes a su vivienda, que, según adujo, no contaba con los permisos correspondientes. Al desmenuzar esta alegación, se puede ver que contiene dos componentes. Primero, querellas presentadas, y segundo, ausencia de permisos. De una somera lectura del Artículo 14.5 de la Ley Núm. 161-2009, es claro que ambos elementos están cobijados bajo la jurisdicción de la Junta de Planificación, y no de la División de Revisiones Administrativas. Por lo que, es a la Junta a quien le corresponde dilucidar las querellas presentadas por la recurrente en cuanto a la ausencia o validez de los permisos.

Por otro lado, la recurrente alega que la *Resolución* omitió considerar las querellas y determinaciones previas, las cuales evidencian violaciones reglamentarias y ambientales previas a la concesión del permiso. Sin embargo, luego de emitido el permiso de construcción correspondiente, la recurrente no presentó prueba adicional que demuestre

una violación reglamentaria o ambiental que derrote la presunción de corrección de la OGPe al emitir el permiso de construcción. Alemán Di Cristina diligenció, aunque tardío, la emisión del correspondiente permiso, el cual fue emitido según la ley y el reglamento lo requieren. En ausencia de prueba que demuestre que la agencia tomó una decisión que no está basada en evidencia sustancial, que erró en la aplicación de la ley, que su actuación resulta ser arbitraria, irrazonable o ilegal, o que la actuación administrativa lesiona derechos constitucionales fundamentales, es forzoso concluir que el Juez Administrativo no erró al determinar NO Ha Lugar la solicitud de revisión administrativa.

A la luz de lo antes expuesto, y de la prueba documental que obra en el expediente ante nuestra consideración, la recurrente no cumplió con el peso de la prueba requerido para rebatir la presunción de corrección que reviste la determinación de la OGPe. Por esto, se confirma la *Resolución* recurrida.

**-IV-**

Por los fundamentos antes expuestos, **confirmamos** la *Resolución* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones